IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

CHRISTINA PORRITT and         )
MARK HESS,         )
        )
    Relators,         )
        )
vs.         )   No.  3:10-cv-00545-JPG-CJP
        )
ERICO INTERNATIONAL CORPORATION,         )
        )
    Defendant.         )

## <u>COMPLAINT</u>

Come Now Relators, CHRISTINA PORRITT and MARK HESS ("Relators"), by and through their undersigned attorneys, and for their Complaint against Defendant, ERICO INTERNATIONAL CORPORATION (generally referred to hereafter as "ERICO" or Defendant"), allege as follows:

## <u>NATURE OF THE ACTION</u>

1.      This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

2.      As set forth in detail below, Defendant has violated 35 U.S.C. § 292(a) by falsely advertising and/or marking articles with expired patents for the purpose of deceiving its competitors and the public into believing that such articles are covered by the falsely advertised and/or marked patents.

3.      Relators seek an award of monetary damages against Defendant, one-half of which shall be paid to the United States, the other half of which shall be paid to Relators pursuant to 35 U.S.C. § 292(b).

## THE PARTIES

4.      Relator, Christina Porritt, is a natural person and citizen and resident of the Southern District of Illinois.

**5.**      Relator, Mark Hess, is a natural person and citizen and resident of Orange County, California, located in the United States District Court for the Central District of California – Southern Division.

6.      Defendant, ERICO INTERNATIONAL CORPORATION, was (and is) a corporation organized and existing under the laws of Ohio, with its principal place of business at 34600 Solon Road, Solon, Ohio 44139.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

8.      Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a), because Defendant has conducted and continues to conduct business in this District through the sale of its products which are the subject matter of this Complaint to consumers throughout this District. Upon information and belief, such sales are substantial, continuous, and systematic.

9.      Relators have standing to bring this action under 35 U.S.C. § 292(b), which provides that "any person" may sue for civil monetary penalties for false advertising or marking in connection with any unpatented articles and/or marking of patents.

## BACKGROUND

10.      The false marking patent statute, 35 U.S.C. § 292, exists to insure that the public has accurate information on the existence of patent rights.  As summarized by the Federal Circuit, the patent marking statute exists to:  1) help avoid innocent infringement of patent

articles; 2) encourage patent holders to give notice to the public that an article is patented; and 3) aid the public in identifying whether an article is patented. *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1443 (Fed. Cir. 1998).

11.     When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not protected by such expired patent.

12.     Falsely advertising an article or falsely marking an article with an expired patent harms the public interest in numerous ways, including:

    a.    Stifling competition in the marketplace and deterring innovation;

    b.    Deterring scientific research when an inventor sees a marked article and foregoes continued research to avoid potential infringement;

    c.    Unnecessarily increasing costs to competitors who must invest in efforts to "design around" a patent, or investigate and analyze the validity or enforceability of a patent;

    d.    Deterring competitors from entering the market with competing articles;

    e.    Permitting the patentee to impermissibly extend the term of its monopoly;

    f.    Confusing and misleading the public, as the expiration date of a U. S. patent is not easily ascertainable by the public at the time of purchase; and

    g.    Moreover, while basic information about a patent may be available to the public via the website of the U. S. Patent and Trademark Office, a member of the public must conduct a thorough and complicated analysis to determine whether a patent is expired.

**THE EXPIRED PATENTS**

13.     U.S. Patent No. 4,088,293 ("the '293 Patent") entitled LAY-IN LIGHT

FIXTURE RETAINER CLIP was filed on June 7, 1976 and issued on May 9, 1978.  A true and

correct copy of the '293 Patent is attached as Exhibit 1 to this Complaint.

14.     The '293 Patent expired no later than June 7, 1996.

15.     U.S. Patent No. 4,429,440 ("the '440 Patent") entitled STRUT CLIP was filed on

April 19, 1982 and issued on February 7, 1984.  A true and correct copy of the '440 Patent is

attached as Exhibit 2 to this Complaint.

16.     The '440 Patent expired no later than April 19, 2002.

17.     U.S. Patent No. 4,715,161 ("the '161 Patent") entitled SUSPENDED CEILING

GRID CLIP was filed on May 19, 1986 and issued on December 29, 1987.  A true and correct

copy of the '161 Patent is attached as Exhibit 3 to this Complaint.

18.     The '161 Patent expired no later than May 19, 2006.

19.      U.S. Patent No. 4,723,749 ("the '749 Patent") entitled CHANNEL CLIP was

filed on May 19, 1986 and issued on February 9, 1988.  A true and correct copy of the '749

Patent is attached as Exhibit 4 to this Complaint.

20.     Upon information and belief, the '749 Patent expired no later than February 9,

1996, for failure to pay 2nd maintenance fee.

21.     U.S. Patent No. 4,757,176 ("the '176 Patent") entitled CONTROL CIRCUIT

FOR INDUCTION HEATING ELECTRIC COOKER ** **(ASSIGNED TO SONY CORP.)** was

filed on February 18, 1987 and issued on July 12, 1988.  A true and correct copy of the '176

Patent is attached as Exhibit 5 to this Complaint.

22.     The '176 Patent expired no later than February 18, 2007.

23.     Upon information and belief, Defendant does not have the license for the patent and has misled others by advertising this '176 Patent.

24.     U.S. Patent No. 4,757,967 ("the '967 Patent") entitled BOX SUPPORT was filed on September 2, 1986 and issued on July 19, 1988.  A true and correct copy of the '967 Patent is attached as Exhibit 6 to this Complaint.

25.     The '967 Patent expired no later than September 2, 2006.

26.     U.S. Patent No. 4,955,825 ("the '825 Patent") entitled ELECTRICAL FIXTURE was filed on January 14, 1987 and issued on September 11, 1990.  A true and correct copy of the '825 Patent is attached as Exhibit 7 to this Complaint.

27.     Upon information and belief, the '825 Patent expired no later than September 11, 2002, for failure to pay 3rd maintenance fee.

## GENERAL ALLEGATIONS

28.     Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 27 of this Complaint.

29.     Upon information and belief, Defendant makes, sells, and advertises or has made, sold, and advertised a variety of products for sale to distributors and retailers and for use by the public.

30.     Upon information and belief, Defendant is a sophisticated business entity with extensive experience in the procurement, acquisition, and licensing of patents in the United States.

31.     Upon information and belief, because of the nature of its business, Defendant actively seeks and maintains a number of patents.

32.    Defendant claims to own, or have licenses under, a substantial number of patents and patent applications.

33.    Upon information and belief, Defendant has an in-house legal department (or otherwise retains attorneys) that is/are responsible for Defendant's intellectual property and ensuring compliance with marketing, labeling, and advertising laws.

34.    Upon information and belief, as a sophisticated business entity, Defendant knew or reasonably should have known of the requirements and provisions of 35 U.S.C. § 292.

35.    Upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or cause to be marked, products with at least one expired patent and even advertises and/or marks their products with multiple expired patents.

### COUNT I – False Marking of the '293 Patent

36.    Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 35 of this Complaint.

37.    Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or cause to be marked, at least the following products with the '293 Patent:

            a.    The "CADDY® Fasteners."  A copy of the catalog page advertising said

                    products is attached hereto as Exhibit 8 to this Complaint.

38.    As more fully set forth in Exhibit 8, Defendants advertised the '293 Patent as recently as July 16, 2010 in their "on-line" catalog entitled "CADDY® ELECTRICAL FASTENERS FOR INDUSTRIAL AND ENGINEERED APPLICATIONS" and advertised the "CADDY® Fasteners" as patented with the intent to sell the "CADDY® Fasteners."

39.     Upon information and belief, and as seen on Exhibit 8, the instances of false marking shown in Exhibit 8 are representative and not exhaustive of all of the uses of the '293 Patent.

40.     Additionally, Defendant advertised the "CADDY® Fasteners" with multiple expired patents in conjunction with the "Safety Instructions/Warranty," thereby intentionally placing the advertised patents in a conspicuous place with the intent that consumers would see the expired patents.  *See*, Exhibit 8.

41.     Defendant knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

42.     Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continue to advertise and/or mark with the '293 Patent is not covered by the expired patent as advertised or otherwise marked on its products because expired patents have no monopoly rights.

43.     Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '293 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '293 Patent.

44.     Upon information and belief, Defendant intentionally included the '293 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

45.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

46.    By falsely advertising and/or marking its products with patents that have expired, Defendant has benefited commercially and financially.

47.    Thus, by advertising, marking and continuing to advertise or otherwise mark its products with the '293 Patent without a reasonable belief that such products were covered by the '293 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT II – False Marking of the '440 Patent

48.    Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 35 of this Complaint.

49.    Specifically, upon information and belief, Defendants have, in the past, advertised, marked or caused to be marked, and continue to advertise, mark or cause to be marked, at least the following products with the '440 Patent:

   a.    The "One-Piece Strut Clamp – SCH Series."  Copies of the catalog pages advertising said products are attached hereto as Exhibits 9, 10, 11 and 12 to this Complaint.

50.    As more fully set forth in Exhibits 9 – 10, Defendant advertised the '440 Patent as recently as July 16, 2010, in its "on-line" catalog entitled "CADDY Electrical and Low Voltage/Datacomm Fasteners 2009 Catalog" and advertised the "One-Piece Strut Clamp – SCH Series" as patented with the intent to sell the "One-Piece Strut Clamp – SCH Series."

51.    As more fully set forth in Exhibit 11, Defendant advertised the '440 Patent as recently as July 16, 2010, in its "on-line" catalog entitled "CADDY Low Voltage/Datacomm Fastening Support Systems" and advertised the "One-Piece Strut Clamp – SCH Series" as patented with the intent to sell the "One-Piece Strut Clamp – SCH Series."

52.     Upon information and belief, and as seen on Exhibits 9 – 12, the instances of false marking shown in Exhibits 9 – 12 are representative and not exhaustive of all of the uses of the '440 Patent.

53.     Defendant also falsely advertised the '440 Patent in conjunction with the "CADDY® Fasteners" along with other expired patents, thereby intentionally placing the advertised patents in a conspicuous place with the intent that consumers would see the expired patents.  *See*, Exhibit 8.

54.     Defendant knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

55.     Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '440  Patent are not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

56.     Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '440 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '440 Patent.

57.     Upon information and belief, Defendant intentionally included the '440 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

58.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

59.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefited commercially and financially.

60.     Thus, by advertising, marking and continuing to advertise or otherwise mark its products with the '440 Patent without a reasonable belief that such products were covered by the '440 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

### COUNT III – False Marking of the '161 Patent

61.     Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 35 of this Complaint.

62.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or cause to be marked, at least the following products with the '161 Patent:

        a.     The "CADDY® Fasteners."  A copy of the catalog page advertising said product is attached hereto as Exhibit 8 to this Complaint.

63.     As more fully set forth in Exhibit 8, Defendants advertised the '161 Patent as recently as July 16, 2010, in its "on-line" catalog entitled "CADDY® ELECTRICAL FASTENERS FOR INDUSTRIAL AND ENGINEERED APPLICATIONS" and advertised the "CADDY® Fasteners" as patented with the intent to sell the "CADDY® Fasteners."

64.     Upon information and belief, and as seen on Exhibit 8, the instances of false marking shown in Exhibit 8 are representative and not exhaustive of all of the uses of the '161 Patent.

65.     Additionally, Defendant advertised the "CADDY® Fasteners" with multiple expired patents in conjunction with the "Safety Instructions/Warranty," thereby intentionally

placing the advertised patents in a conspicuous place with the intent that consumers would see the expired patents. *See*, Exhibit 8.

66.     Defendant knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

67.     Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '161 Patent is not covered by the expired patent as advertised or otherwise marked on its products because expired patents have no monopoly rights.

68.     Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '161 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '161 Patent.

69.     Upon information and belief, Defendant intentionally included the '161 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

70.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

71.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefited commercially and financially.

72.     Thus, by advertising, marking and continuing to advertise or otherwise mark its products with the '161 Patent without a reasonable belief that such products were covered by the

'161 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT IV – False Marking of the '749 Patent

73.     Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 35 of this Complaint.

74.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or cause to be marked, at least the following products with the '749 Patent:

        a.     The "CADDY® Fasteners."  A copy of the catalog page advertising said product is attached hereto as Exhibit 8 to this Complaint.

75.     As more fully set forth in Exhibit 8, Defendants advertised the '749 Patent as recently as July 16, 2010, in their "on-line" catalog entitled "CADDY® ELECTRICAL FASTENERS FOR INDUSTRIAL AND ENGINEERED APPLICATIONS" and advertised the "CADDY® Fasteners" as patented with the intent to sell the "CADDY® Fasteners."

76.     Upon information and belief, and as seen on Exhibit 8, the instances of false marking shown in Exhibit 8 are representative and not exhaustive of all of the uses of the '749 Patent.

77.     Additionally, Defendant advertised the "CADDY® Fasteners" with multiple expired patents in conjunction with the "Safety Instructions/Warranty," thereby intentionally placing the advertised patents in a conspicuous place with the intent that consumers would see the expired patents.  *See*, Exhibit 8.

78.     Defendant knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

79.     Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '749 Patent is not covered by the expired patent as advertised or otherwise marked on its products because expired patents have no monopoly rights.

80.     Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '749 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '749 Patent.

81.     Upon information and belief, Defendant intentionally included the '749 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

82.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

83.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefited commercially and financially.

84.     Thus, by advertising, marking and continuing to advertise or otherwise mark its products with the '749 Patent without a reasonable belief that such products were covered by the '749 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT V – False Marking of the '176 Patent

85.     Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 35 of this Complaint.

86.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or cause to be marked, at least the following products with the '176 Patent:

        a.     The "CADDY® Fasteners."  A copy of the catalog page advertising said product is attached hereto as Exhibit 8 to this Complaint.

87.     As more fully set forth in Exhibit 8, Defendant advertised the '176 Patent as recently as July 16, 2010, in its "on-line" catalog entitled "CADDY® ELECTRICAL FASTENERS FOR INDUSTRIAL AND ENGINEERED APPLICATIONS" and advertised the "CADDY® Fasteners" as patented with the intent to sell the "CADDY® Fasteners."

88.     Upon information and belief, and as seen on Exhibit 8, the instances of false marking shown in Exhibit 8 are representative and not exhaustive of all of the uses of the '176 Patent.

89.     Additionally, Defendant advertised the "CADDY® Fasteners" with multiple expired patents in conjunction with the "Safety Instructions/Warranty," thereby intentionally placing the advertised patents in a conspicuous place with the intent that consumers would see the expired patents.  *See*, Exhibit 8.

90.     Defendant knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

91.     Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '176 Patent is not covered by the expired patent as advertised or otherwise marked on their products because expired patents have no monopoly rights.

92.     Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '176 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '176 Patent.

93.     Upon information and belief, Defendant intentionally included the '176 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

94.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

95.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefited commercially and financially.

96.     Thus, by advertising, marking and continuing to advertise or otherwise mark its products with the '176 Patent without a reasonable belief that such products were covered by the '176 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT VI – False Marking of the '967 Patent

97.     Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 35 of this Complaint.

98.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or cause to be marked, at least the following products with the '967 Patent:

a.      The "CADDY® Fasteners."  A copy of the catalog page advertising said product is attached hereto as Exhibit 8 to this Complaint.

99.     As more fully set forth in Exhibit 8, Defendant advertised the '967 Patent as recently as July 16, 2010, in its "on-line" catalog entitled "CADDY® ELECTRICAL FASTENERS FOR INDUSTRIAL AND ENGINEERED APPLICATIONS" and advertised the "CADDY® Fasteners" as patented with the intent to sell the "CADDY® Fasteners."

100.    Upon information and belief, and as seen on Exhibit 8, the instances of false marking shown in Exhibit 8 are representative and not exhaustive of all of the uses of the '967 Patent.

101.    Additionally, Defendant advertised the "CADDY® Fasteners" with multiple expired patents in conjunction with the "Safety Instructions/Warranty," thereby intentionally placing the advertised patents in a conspicuous place with the intent that consumers would see the expired patents.  *See*, Exhibit 8.

102.    Defendant knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

103.    Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '967 Patent is not covered by the expired patent as advertised or otherwise marked on its products because expired patents have no monopoly rights.

104.     Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '967 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '967 Patent.

105.     Upon information and belief, Defendant intentionally included the '967 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

106.     Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

107.     By falsely advertising and/or marking its products with patents that have expired, Defendant has benefited commercially and financially.

108.     Thus, by advertising, marking and continuing to advertise or otherwise mark its products with the '967 Patent without a reasonable belief that such products were covered by the '967 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## COUNT VII – False Marking of the '825 Patent

109.     Relators reallege and incorporate by reference herein the allegations stated in Paragraphs 1 - 35 of this Complaint.

110.     Specifically, upon information and belief, Defendant has, in the past, advertised, marked or caused to be marked, and continues to advertise, mark or cause to be marked, at least the following products with the '825 Patent:

a.      The "Mounting Plate Brackets (Metallic) Screw-On Support."  Copies of the catalog pages advertising said products are attached hereto as Exhibits 13, 14 and 15 to this Complaint.

111.    As more fully set forth in Exhibits 13 - 14, Defendant advertised the '825 Patent as recently as July 16, 2010, in its "on-line" catalog entitled "CADDY Electrical and Low Voltage/Datacomm Fasteners 2009 Catalog" and advertised the "Mounting Plate Brackets (Metallic) Screw-On Support" as patented with the intent to sell the "Mounting Plate Brackets (Metallic) Screw-On Support."

112.    As more fully set forth in Exhibit 15, Defendant advertised the '825 Patent as recently as July 16, 2010, in its "on-line" catalog entitled "CADDY Low Voltage/Datacomm Fastening Support Systems" and advertised the "Mounting Plate Brackets (Metallic) Screw-On Support" as patented with the intent to sell the "Mounting Plate Brackets (Metallic) Screw-On Support."

113.    Upon information and belief, and as seen on Exhibits 13 – 15, the instances of false marking shown in Exhibits 13 – 15 are representative and not exhaustive of all of the uses of the '825 Patent.

114.    Defendant also falsely advertised the '825 Patent in conjunction with the "CADDY® Fasteners" along with other expired patents, thereby intentionally placing the advertised patents in a conspicuous place with the intent that consumers would see the expired patents.  *See*, Exhibit 8.

115.    Defendant knew, or reasonably should have known, that the purpose of advertising or otherwise marking a product with a patent number is to put competitors and the public at large on notice of exclusive and legally enforceable rights with respect to that product.

116.    Upon information and belief, Defendant knew, or reasonably should have known, that the products it advertised for sale, marked and continues to advertise and/or mark with the '825 Patent are not covered by the expired patent as advertised or otherwise marked on its product because expired patents have no monopoly rights.

117.    Upon information and belief, Defendant has advertised, marked and continues to advertise or otherwise mark its products with the '825 Patent for the purpose of consciously deceiving the public into believing that its products are covered by the '825 Patent.

118.    Upon information and belief, Defendant intentionally included the '825 Patent on its products in a conscious attempt to prevent competitors from making and selling the same or similar or competing products.

119.    Each instance of false advertising and/or marking of Defendant's products is likely to, or at least has the potential to, discourage or deter persons and companies from making or selling similar or competing products.

120.    By falsely advertising and/or marking its products with patents that have expired, Defendant has benefited commercially and financially.

121.    Thus, by advertising, marking and continuing to advertise or otherwise mark its products with the '825 Patent without a reasonable belief that such products were covered by the '825 Patent, Defendant has injured the sovereign interests of the United States as well as the public interest, and has discouraged competition and innovation in competing products.

## PRAYER FOR RELIEF

WHEREFORE, Relators pray that this Court enter judgment in their favor and against Defendant as follows:

A.      Entering an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292;

B.      Order Defendant to pay a civil monetary fine of $500.00 for each product sold by Defendant that was falsely advertised or marked as an offense for the violation of 35 U.S.C. § 292, or an alternative amount as determined by the fact-finder, one-half of which shall be paid to the United States and one-half of which shall be paid in equal amounts to the Relators;

C.      Order Defendant to provide an accounting for each and every product that was advertised and/or marked with an expired patent and order Defendant to pay a civil monetary fine of $500.00 for each product sold by Defendant that was falsely advertised or marked as an offense for the violation of 35 U.S.C.  § 292, or an alternative amount as determined by the fact-finder, one-half of which shall be paid to the United States and one-half of which shall be paid in equal amounts to the Relators;

D.      Order Defendant to pay all costs of this action, including attorneys' fees and all available interest; and,

E.      Grant Relators any such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

 /s/  Judy L. Cates
JUDY L. CATES # 00414743
DAVID CATES #06289198
*The Cates Law Firm, L.L.C.*
216 West Pointe Drive, Suite A
Swansea, IL  62226
Telephone:     (618) 277-3644
Facsimile:      (618) 277-7882
E-mail:          jcates@cateslaw.com
                     dcates@cateslaw.com

***Attorneys for Relators***