IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINA PORRITT and MARK HESS, | ) ) ) |
| Relators, | ) ) ) |
| vs. | ) Case No. 10−cv−0545−JPG−SCW ) |
| ERICO INTERNATIONAL CORPORATION, | ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

On July 22, 2010, Christina Porritt and Mark Hess ("Relators") filed this *qui tam* action for false patent marking under 35 U.S.C. § 292 against Defendant Erico International Corporation ("ERICO") for allegedly falsely advertising and/or marking articles with expired patents. On September 20, 2010, ERICO responded with a Motion to Dismiss the Complaint alleging that Relators' failed to satisfy the pleading requirements contained in FEDERAL RULES OF CIVIL PROCEDURE 8(a) and 9(b) (*see* Doc. 23). This motion remains pending before District Judge J. Phil Gilbert. That same day, Magistrate Judge Proud entered a Scheduling and Discovery Order requiring that all discovery be completed by April 7, 2011, and dispositive motions be filed by April 22, 2011 (Doc. 25). On April 22, 2011, ERICO filed a Motion for Summary Judgment pursuant to FED. R. CIV. P. 56, which also is pending before Judge Gilbert (Doc. 29).

Now before this Court are Relators' Motion for Additional Time to Respond to Defendant's Motion for Summary Judgment (Doc. 30), and Motion to Re-open Discovery and Enter New Scheduling Order (Doc. 31). ERICO filed a response in opposition to these motions (Doc. 32). On May 23, 2011, Relators filed their Response in Opposition to Defendant's Motion for Summary Judgment (Doc. 33). In light of this Response, the Court hereby finds Relators' Motion for

Additional Time and their Motion to Re-open Discovery to be **MOOT** (Docs. 30, 31). However, the Court also **DENIES** the Motion to Re-open Discovery on the additional ground that Relators failed to adequately pursue discovery in this action.

In substance, Relators' Motion to Re-open Discovery is properly construed as a motion brought pursuant to FED. R. CIV. P. 56(d).[1] Under Rule 56(d), "'[w]hen a party fails to secure discoverable evidence due to his own lack of diligence,' the necessary justification is lacking, and 'it is not an abuse of discretion for the trial court to refuse to grant a continuance to obtain such information.'" *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n. 5 (7th Cir. 2000) (quoting *Pfeil v. Rogers*, 757 F.2d 850, 857 (7th Cir.1985)); *see also*, *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir.1996). Relators make a strong argument regarding their need to depose ERICO's undisclosed witness, Daniel S. Mominee, upon whose Declaration ERICO relies in support of its Motion for Summary Judgment. However, any potential justification to re-open and extend discovery is negated by Relators' own failure to diligently prosecute their case. Moreover, Relators have now relied upon their own undisclosed witness, Ned W. Randle, in their recently filed Response Brief (Doc. 33, p. 3). In light of these facts, the necessary justification to extend discovery under Rule 56(d) is lacking.

Again, the Court notes that neither party has abided by the discovery procedures outlined in FED. R. CIV. P. 26. Neither party properly disclosed any of its witnesses pursuant to Rule 26(a)(1), and now both parties have relied upon affidavits from non-disclosed witnesses. The Court is indeed troubled by these failures, and by the fact that ERICO appears to be using this to its advantage by waiting until the last possible moment to file its Motion for Summary Judgment. For their part, Relators clearly have been dilatory in pursuing discovery. In the end, this situation is analogous to "offsetting penalties" in football; that is, both parties are equally at fault and so the game proceeds as

---

[1] On December 1, 2010, Rule 56(f) was re-styled as Rule 56(d) without any substantive changes

if no penalty occurred at all. Because the Court finds these discovery failures to be offsetting Relator's Motion to Re-open Discovery (Doc. 31) is hereby **DENIED**.

Further the Court hereby **DIRECTS** the parties to propound their complete Rule 26 disclosures within **14 days** of the date of this Order.

**IT IS SO ORDERED**.

DATED May 25, 2011.

/s/ **Stephen C. Williams**
STEPHEN C. WILLIAMS
United States Magistrate Judge